## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iPic-Gold Class Entertainment LLC, *et al.*,[1] | Case No. 19-11739 (___) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ORDER: (I) AUTHORIZING DEBTORS TO FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS' THIRTY LARGEST GENERAL UNSECURED CREDITORS; AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors") in these

chapter 11 cases, hereby move this Court (the "Motion") for entry of an order (the "Order"),

substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 521 of

Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy

Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 1001-1(c), 1007-2, and 2002-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"): (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting

separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30)

largest general unsecured creditors; and (ii) granting related relief.  In support of the Motion, the

Debtors respectfully represent as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media, LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035).  The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

**Jurisdiction and Venue**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief requested herein are sections 105(a) and 521(a)(1), of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1007(a)(1) and (d) and Local Rules 1001-1(c) and 1007-2.

**Background**

4.       On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in these chapter 11 cases.

5.       A more detailed description of the business and operations of the Debtors, and the events leading to the commencement of these chapter 11 cases, is provided in the

2

*Declaration of David M. Baker in Support of First Day Motions* (the "<u>First Day Declaration</u>"),

filed concurrently herewith and incorporated herein by reference.[2]

**<u>Relief Requested</u>**

6.      By this Motion, the Debtors seek entry of an order (i) authorizing the

Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices

for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors;

and (ii) granting related relief.

**<u>Basis For Relief</u>**

**A.      Request for Authority to File Consolidated List of
        <u>Creditors in Lieu of Submitting Separate Mailing Matrices for Each Debtor</u>**

7.      Local Rule 1007-2 provides that, in a voluntary chapter 11 case, the debtor

must file "a list containing the name and complete address of each creditor in such format as

directed by the Clerk's Office Procedures."  Local Rule 2002-1(f)(v) requires each debtor in

jointly administered cases to maintain a separate creditor mailing matrix.  Local Rule 1001-1(c)

permits modification of the Local Rules by the Court "in the interest of justice."

8.      The Debtors presently maintain computerized lists of the names and

addresses of their respective creditors that are entitled to receive notices and other documents in

these chapter 11 cases.  The lists are maintained without regard for which entity a party may

have a relationship with.  The Debtors believe that the information as maintained in computer

files (or those of their agents) may be utilized efficiently to provide interested parties with

notices and other similar documents as contemplated by Local Rule 1007-2 on a consolidated

basis.  Requiring the Debtors to submit Debtor-specific creditor matrices for each of the Debtors

---

[2]  Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

would be an unnecessarily burdensome task and would likely result in duplicate mailings. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format or formats currently maintained in the ordinary course of the Debtors' business.

9.      The Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.  *See, e.g., In re Fuse, LLC,* Case No. 19-10972 (KG) (Bankr. D. Del. Apr. 24, 2019); *In re the Walking Company Holdings, Inc.*, Case No. 18-10474 (LSS) (Bankr. D. Del. Mar. 8, 2018); *In re True Religion Apparel, Inc.*, Case No. 17-11460 (BLS) (Bankr. D. Del. July 6, 2017) (authorizing filing of a consolidated list of creditors in lieu of separate mailing matrices); *In re Central Grocers, Inc.*, Case No. 17-10993 (LSS) (Bankr. D. Del. May 4, 2017) (same); *In re American Apparel, Inc.*, Case No. 15-12055 (BLS) (Bankr. D. Del. Oct. 13, 2015) (same); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sept. 10, 2014) (same); *In re Entegra Power Group LLC*, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) (same).

**B.      Request for Authority to File Consolidated List of Debtors' Top Thirty (30) Unsecured Creditors**

10.      Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, holding the thirty (30) largest unsecured claims in the debtor's case (a "Top 30 List").  This Top 30 List is primarily used by the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

4

11.     The Debtors request authority to file a single list of their thirty (30) largest general unsecured creditors on a consolidated basis.  Because the Top 30 Lists could overlap, and certain Debtors may have fewer than twenty identifiable unsecured creditors, the Debtors submit that filing separate Top 30 Lists for each Debtor would be of limited utility.  In addition, the exercise of compiling separate Top 30 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources, and could constitute a distraction of management's attention otherwise needed on operations at the start of these chapter 11 cases. Finally, the Debtors believe a single, consolidated list of the company's thirty (30) largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

12.     Therefore, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest unsecured creditors in these cases (the "Consolidated Top 30 List").

13.     The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

**Notice**

14.     Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for Debtors' pre-petition and postpetition lenders; and (c) the Debtors' thirty largest unsecured creditors on a consolidated basis.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

15.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated:   August 5, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                           */s/ Peter J. Keane*
                                           Jeffrey N. Pomerantz (CA Bar No. 143717)
                                           Debra I. Grassgreen (CA Bar No. 169978)
                                           Peter J. Keane (DE Bar No. 5503)
                                           919 N. Market Street, 17th Floor
                                           P.O. Box 8705
                                           Wilmington, DE 19899 (Courier 19801)
                                           Telephone: (302) 652-4100
                                           Facsimile:  (302) 652-4400
                                           E-mail:    jpomerantz@pszjlaw.com
                                                      dgrassgreen@pszjlaw.com
                                                      pkeane@pszjlaw.com

                                           *Proposed Attorneys for Debtors and Debtors in Possession*

DOCS_SF:101457.1 39566/001