## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iPic-Gold Class Entertainment LLC, *et al.*,[1] | Case No. 19-11739 (LSS) |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108
OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE
OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING
CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND
RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY
TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT
AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors

in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an order

(this "Interim Order") under sections 105, 345, 363, 1107 and 1108 of title 11 of the United

States Code (the "Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts

including the authority to pay routine prepetition banking fees owed to financial institutions; (ii)

continued use of the Debtors' existing cash management system, bank accounts, checks and

related forms for the Debtors; (iii) continued performance of Intercompany Transactions; (iv) a

limited waiver under Bankruptcy Code section 345(b) to the extent necessary; and (v) granting

related relief; and upon the First Day Declaration; and it appearing that the relief requested is in

the best interests of the Debtors' estates, their creditors and other parties in interest; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media, LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given

under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED THAT:

1.    The Motion is GRANTED on an interim basis, as set forth herein.

2.    The Debtors are authorized, but not directed, in the reasonable exercise of

their business judgment, (i) to designate, maintain and continue to use, with the same account

numbers, all of the bank accounts in existence on the Petition Date, including, without limitation,

those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) treat the Bank

Accounts for all purposes as debtors in possession accounts; and (iii) use all existing paper check

stock and related forms without reference to the Debtors' status as "debtors in possession" until

such supply is depleted, after which the Debtors will order new check stock, deposit slips and

related forms with the "debtor in possession" reference. For all electronic and self-printed

checks, the Debtors shall start using the "debtors in possession" reference within ten (10) days of

entry of this Interim Order.

3.    Chase is hereby authorized to continue to service and administer each

Bank Account as an account of the Debtors as a debtor in possession bank account without

interruption and in the usual and ordinary course of business, and to receive, process, honor and

pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the

holders or makers thereof, as the case may be; *provided*, *however*, that any check that the

2

Debtors advise Chase to have been drawn or issued by the Debtors before the Petition Date may be honored only if specifically authorized by order of this Court.

4.      Except as modified by this Interim Order, the Debtors' existing banking agreements with Chase with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and Chase.

5.      The Debtors and Chase may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business and/or in accordance with the terms of any Financing Order, including, without limitation, the opening and closing of bank accounts with notice from the Debtors to the United States Trustee, which accounts shall similarly be subject to this Interim Order.

6.      In the course of providing cash management services to the Debtors, Chase is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the bank's routine and ordinary course fees and expenses, arising prior to, on, or after the Petition Date, associated with the nature of the deposit and cash management services rendered to the Debtors.  Any such claim, to the extent that it arises postpetition, shall have administrative priority status pursuant to section 503(b) of the Bankruptcy Code.

7.      The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the Cash Management System and any Financing Order.  In connection with the ongoing

utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions by and among the affected Debtors) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions.

       8.     The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may, in their discretion, deem necessary and appropriate; *provided, however*, that the Debtors give notice within fifteen (15) days to the United States Trustee, counsel for the Debtors' prepetition and postpetition lenders, and any statutory committee appointed in these chapter 11 cases; *provided further*, *however*, that the Debtors shall open any such new Bank Account at banks that have executed a uniform depository agreement with the Office of the U.S. Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

       9.     The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practices, in accordance with the terms of any Financing Order entered by the Court, and this Interim Order.

       10.     The Intercompany Claims by and among the affected Debtors shall be afforded administrative priority pursuant to section 503(b)(1) of the Bankruptcy Code.  The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors in the ordinary course of business.

11.     The Debtors are authorized to continue to fund their Foreign Subsidiaries and pay any prepetition amounts owed to the registered representative or owed on account of the foreign office lease and related expenses, and to continue to pay such fees and expenses postpetition in the ordinary course of business. The Debtors are authorized to continue engaging in Intercompany Transactions in connection with the cash management system in the ordinary course of business; *provided, however*, that there shall be no intercompany loans from the Debtors to any non-debtors, absent further order of the Court; and provided further that prior to the final order on this Motion, transfers from the Debtors to non-debtor affiliates shall not exceed $5,000 per month with any unused portion to be carried over to the subsequent month.

12.     The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited at Chase.

13.     Chase may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to, on, or subsequent to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for (a) relying on such representations by the Debtors as provided for herein, (b) honoring any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

14.     In accordance with the terms of any Financing Order, Chase is authorized and directed to follow any instruction made pursuant to a blocked account or control agreement of any lender party to such agreement with respect to the disposition of any such accounts and all

5

deposits therein maintained with such bank following the exercise of any remedies of such lender.

15.     The Debtors are authorized to continue to use in the ordinary course of business the commercial card program provided by Chase pursuant to the *Commercial Card Application & Agreement*, between Chase and iPic-Gold Class Entertainment, LLC and the *Assignment of Deposit Account*, between Chase and iPic-Gold Class Entertainment, LLC (as may be amended from time to time, the "Commercial Card Program"). The Debtors are authorized to honor all past and future obligations arising under the Commercial Card Program (the "Commercial Card Obligations") and to make timely payments to Chase in respect of the Commercial Card Obligations, including making payments on account of charges that were made under the Commercial Card Program prior to the Petition Date. The Debtors are further authorized to maintain cash collateral in account ending in 8249 at Chase (the "Commercial Card Account") for purposes of cash collateralizing the Commercial Card Obligations. All cash from time to time on deposit in the Commercial Card Account shall remain subject to an exclusive first-priority lien in favor of Chase as security for the Commercial Card Obligations. In the event the Debtors fail to make any timely payment to Chase in respect of the Commercial Card Obligations, Chase is authorized, in its discretion, to terminate the Commercial Card Program and/or to debit the Commercial Card Account for the amount of any unpaid Commercial Card Obligations, without further order of the Court; *provided, however*, that any such termination (a) must be consistent with the terms and conditions of the Commercial Card Program and (b) must not be effectuated on less than ten days' advanced written notice to the Debtors. To the extent

6

necessary, Chase is hereby granted relief from the stay imposed under Bankruptcy Code Section 362 for purposes of this paragraph 15. The Debtors will provide Chase with each of the Debtors' employer identification numbers, and identify each of their Bank Accounts held as being held by a debtor in possession in a bankruptcy case.

16.     The Debtors shall cause a copy of this Interim Order to be served on Chase within five (5) business days of the entry of this Interim Order.

17.     The Bank Accounts comply with the requirements imposed under section 345(b) of the Bankruptcy Code. The requirements of Bankruptcy Code section 345(b) are deemed satisfied. Nothing in this Order supersedes any provision of the uniform depository agreement between Chase and the Office of the U.S. Trustee for the District of Delaware

18.     Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless of who pays those disbursements.

19.     Notwithstanding the relief granted in this Interim Order, any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to the terms, conditions, limitations and requirements of any Financing Order.

20.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

21.     The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

22.    The final hearing (the "Final Hearing") on the Motion shall be held on

_Sept. 11_, 2019, at _11:00_ a.m., prevailing Eastern Time.  Any objections or responses to entry

of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on

_Sept 4_, 2019, and shall be served on  (i) the Debtors, iPic-Gold Class Entertainment, LLC,

433 Plaza Real, Suite 335, Boca Raton, FL 33432-3945, Attn: Hamid Hashemi and Paul Safran,

Esq.; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market

Street, 17th Floor, Wilmington, DE 19899, Attn:  Peter J. Keane, Esq. (pkeane@pszjlaw.com)

and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles,

CA 90067, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); (iii) counsel to the

committee of unsecured creditors (if any); (iv) counsel for the Debtors' prepetition and

postpetition secured lenders, Burr & Forman LLP, 420 North 20th Street, Suite 3400,

Birmingham, Alabama 35203, Attn:  Derek F. Meek, Esq.; and (v) the Office of The United

States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn:

Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

23.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Interim Order.

Dated: _August 6_, 2019

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE