IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iPic-Gold Class Entertainment, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11739 (LSS)<br><br>(Joint Administration Requested)<br><br>Re: # 12 |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) MAINTAIN AND RENEW EXISTING INSURANCE POLICIES; (II) CONTINUE INSURANCE PREMIUM FINANCING PROGRAMS; (III) PAY INSURANCE PREMIUM FINANCING OBLIGATIONS ARISING THEREUNDER; AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO

This matter came before the Court on the *Motion of the Debtors for Order (A) Authorizing Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder, and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto* (the "Motion").[2] The Court reviewed the Motion and the First Day Declaration; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion having been sufficient under the circumstances; and a hearing having been held to consider the relief requested in the Motion; and upon the record of such hearing, and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Motion establish just cause

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

for the relief granted herein; and upon the record herein and after due deliberation and cause appearing therefor; it is hereby finds that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest and that, in light of the record of the hearing on the Motion,

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on an interim basis, as set forth herein.

2. The Debtors are authorized, but not directed, to maintain their existing insurance policies in the ordinary course of business (including, but not limited to, paying prepetition Deductibles, premiums, fees, and other expenses), to renew the same as they expire, and to pay the insurance policy premiums and fees relating to the Policies as such become due.

3. The Debtors are authorized, but not directed, to pay any prepetition amounts due and owing under the PFAs and the Policies in an amount not to exceed $156,000, pending entry of a final order.

4. The Debtors are authorized, but not directed, to continue their insurance premium financing program and make any payments that come due under the PFAs and the Policies in an amount not to exceed $72,000, pending entry of a final order.

5. The Debtors are authorized, but not directed, to pay any prepetition or postpetition obligations owed to the Brokers on account of the Brokerage Fees.

6. The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies in the ordinary course of business to the extent that the Debtors determine that such action is in the best interest of their estates.

7. Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into additional or new insurance policies as needed in their business judgment, in the ordinary course of business.

8. The Debtors' applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related to the Policies.

9. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement or contract pursuant to section 365 of the Bankruptcy Code.

10. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Interim Order, any authorization contained in this Interim Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing and the budget governing such debtor in possession financing and use of cash collateral.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested by the Motion is necessary to avoid immediate and irreparable harm.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Interim Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion

or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a).

14. The final hearing (the "Final Hearing") on the Motion shall be held on Sept. 11, 2019, at 11:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on Sept. 4, 2019, and shall be served on (i) the Debtors, iPic-Gold Class Entertainment, LLC, 433 Plaza Real, Suite 335, Boca Raton, FL 33432-3945, Attn: Hamid Hashemi and Paul Safran, Esq.; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Peter J. Keane, Esq. (pkeane@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); (iii) counsel to the committee of unsecured creditors (if any); (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn: Derek F. Meek, Esq.; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

15. The Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of the Motion or this Interim Order.

16. The Debtors, their employees, and their agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

Dated: Aug. 6, 2019

*[signature]*
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE