**Exhibit 2**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iPic-Gold Class Holdings LLC, *et al.*,[1] | Case No. 19-11739 (LSS) |
| Debtors. | (Joint Administration Requested) |

### ORDER (I) AUTHORIZING DEBTORS TO (A) PAY AND HONOR PREPETITION COMPENSATION, REIMBURSABLE BUSINESS EXPENSES, AND EMPLOYEE BENEFIT OBLIGATIONS, AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtors to (i) pay prepetition wages, salaries, commissions, employee benefits, and other compensation; and pay independent contractors; (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media, LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:101596.5 39566/001

U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to make payments to applicable third parties from the Employee Tax Withholdings, Payroll Taxes and Withholding Obligations and in respect of the Benefit Programs, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

3. The Debtors are authorized, but not directed, to honor outstanding checks for Employee Compensation that may be outstanding as of the Petition Date.

4. In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

5. The Debtors are authorized to pay prepetition amounts on account of Employee Compensation, Reimbursable Expenses, Independent Contractors and Benefit Programs, including all processing and administrative fees associated with payment of the foregoing, subject to the aggregate caps set forth in the chart below, *provided however*, that no

payments to or on behalf of any Employee with respect to Employee Compensation will exceed $13,650:

| EMPLOYEE BENEFIT/PROGRAM | CAP AMOUNT |
|---|---|
| Wages | $3,300,000 |
| Commissions | $40,000 |
| ADP and Evention | $31,000 |
| Medical Plans | $150,000 |
| Dental Plan | $11,000 |
| Vision Plan | $3,500 |
| COBRA | $1,000 |
| Life and Disability Plan | $17,000 |
| Workers Compensation Plan | $80,000 |
| Retirement Plan Audit and Administrative Costs | $40,000 |
| Reimbursable Expenses | $8,000 |
| Corporate Cards | $225,000 |
| Independent Contractors | $100,000 |
| Other Employee Benefits | $5,000 |

6. The Debtors are authorized to allow Employees to use accrued prepetition PTO in the Debtors' discretion. The Debtors also authorized, in their discretion, to pay out any accrued PTO amounts that are owed to Employees to the extent required under applicable state law.

7. The Debtors are authorized to continue to administer and provide their Benefit Programs postpetition in the ordinary course of business and in the Debtors' discretion.

8.  Nothing in this Order authorizes or approves any payment, bonus plan, or severance plan subject to section 503(c) of the Bankruptcy Code.

9.  Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

10. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to any orders of this Court approving any debtor in possession financing for, or any use of cash collateral by, the Debtors, and any documents providing for such debtor in possession financing and any budget governing such debtor in possession financing and use of cash collateral.

11. The Debtors are authorized, but not directed, to continue to maintain their Workers' Compensation Plan in the ordinary course of business. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtors, in their discretion, to continue to assess, determine, and adjudicate any of the unpaid workers' compensation claims during these chapter 11 cases in accordance with the Workers' Compensation Plan; *provided however*, however that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise

deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a).

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: August 6, 2019

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE