IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iPic-Gold Class Entertainment LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11739 (LSS)<br><br>(Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO HONOR CERTAIN
PREPETITION CUSTOMER PROGRAMS IN THE ORDINARY COURSE
OF BUSINESS; AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (i) authorizing the Debtors to honor certain prepetition Customer Programs in the ordinary course of business; and (ii) granting certain related relief; and the Court having reviewed the Motion and the First Day Declaration; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion having been sufficient under the circumstances; and a hearing or hearings having been held to consider the relief requested in the Motion; and upon the record of such hearing or hearings, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media, LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record herein and after due deliberation and cause appearing therefor; it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized, but not directed, to continue, in their sole discretion, the Customer Programs in the ordinary course of business. Specifically, the Debtors are authorized, but not directed, in their discretion, to (a) honor prepetition obligations under the Gift Cards, (b) honor prepetition obligations under the Rewards Program, (c) honor the Employee Discounts, and (d) to continue their Customer Programs postpetition in their discretion.

3. The Debtors are authorized, but not directed, to renew or modify their Customer Programs in the ordinary course of business, without further order of the Court.

4. The Debtors are authorized to honor and pay, in their sole discretion, all obligations related to the Customer Programs in the ordinary course of business including, but not limited to, the satisfaction of prepetition claims for customer Prepetition Prepayments.

5. The Banks are authorized, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks presented for payment and to honor all funds-transfer requests made by the Debtors, relating to claims paid pursuant to this Interim Order, regardless of whether such checks were presented or funds-transfer requests were submitted prior to, on, or after the Petition Date.

6.  Nothing in the Motion or this Interim Order, nor the Debtors' payment or other treatment of obligations pursuant to this Interim Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or obligation to pay any claim or return any prepayment (including any Prepetition Prepayment); (iv) an implication or admission that any particular claim constitutes a Customer Obligation; or (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

7.  Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Interim Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Interim Order, such stay is hereby waived.

8.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a).

9.  The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on September 11, 2019, at 11:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 4, 2019, and shall be served on (i) the Debtors, iPic-Gold Class Entertainment, LLC, 433 Plaza Real, Suite 335, Boca Raton, FL 33432-3945, Attn: Hamid Hashemi and Paul Safran, Esq.; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Peter J. Keane, Esq.

(pkeane@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); (iii) counsel to the committee of unsecured creditors (if any); (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn: Derek F. Meek, Esq.; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

10. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation and implementation of this Interim Order.

*[Signature]*

**Dated: August 8th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_SF:101472.4 39566/001