## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>iPic-Gold Class Entertainment, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11739 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 13** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS ARISING UNDER (A) THE PERISHABLE AGRICULTURAL COMMODITIES ACT AND (B) THE PACKERS AND STOCKYARDS ACT, AND (II) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the Debtors, in their discretion, to pay PACA Claims and PASA Claims in the ordinary course of business as such claims come due; and (ii) authorizing financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests related to the foregoing; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other parties in interest; and the Court having found that the Debtors provided appropriate notice

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the

Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted on an interim basis, as set forth herein.

2.       The Debtors are authorized, but not directed, in their discretion, to review

PACA Claims received from PACA Vendors and PASA Vendors and to pay all valid PACA

Claims and PASA Claims, including any and all amounts relating to the period prior to the

Petition Date, in the ordinary course of business in an aggregate amount not to exceed

$1,350,000.

3.       The Debtors' right to contest the validity or amount of any PACA Claims

and PASA Claims asserted against them is unimpaired by this Interim Order and nothing in the

Motion or this Interim Order shall constitute any allowance of any PACA Claims or PASA

Claims.

4.       Any PACA Vendor or PASA Vendor who accepts and receives payment

from the Debtors in satisfaction of its valid PACA Claim or PASA Claim, as applicable, will be

deemed to have waived any and all claims arising from or relating to such PACA Claim or

PASA Claim, including any late fees or attorneys' fees in connection therewith, against the

Debtors, their property, their estates, and any PACA Trust Assets or PASA Trust Assets, as

2

applicable, but only to the extent that payment has been received by such PACA Vendor or PASA Vendor on account of its PACA Claim or PASA Claim.

5.     Except as otherwise provided in paragraph of this Interim Order, nothing in this Interim Order impairs the rights of holders of PACA or PASA Claims to enforce their rights under PACA or PASA consistent with applicable law, including, but not limited to, section 362 of the Bankruptcy Code, or to seek redress from this Court with respect to their rights under PACA or PASA.

6.     In accordance with this Interim Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the prepetition or postpetition obligations are authorized to honor checks presented for payment and all fund transfer requests made by the Debtors related to such obligations to the extent that sufficient funds are on deposit in such accounts.

7.     Nothing herewith shall constitute an admission as to the validity or amount as to any PACA Claims or PASA Claims or an admission that any PACA Vendor or PASA Vendor has an allowed PACA Claims or PASA Claims or is entitled to payments from the PACA Trust or PASA Trust.  The Debtors reserve any and all rights to contest any asserted PACA Claims and PASA Claims or any and all available basis.

8.     The Debtors are authorized to issue postpetition checks or to make additional electronic payment requests with respect to payment of a PACA Claim or PASA Claim in the event prepetition checks or electronic payment requests are dishonored or rejected.

9.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

3

10.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12.     The final hearing (the "Final Hearing") on the Motion shall be held on September 11, 2019, at 11:00 a.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 4, 2019, and shall be served on  (i) the Debtors, iPic-Gold Class Entertainment, LLC, 433 Plaza Real, Suite 335, Boca Raton, FL 33432-3945, Attn: Hamid Hashemi and Paul Safran, Esq.; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn:  Peter J. Keane, Esq. (pkeane@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); (iii) counsel to the committee of unsecured creditors (if any); (iv) counsel for the Debtors' prepetition and postpetition secured lenders, Burr & Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, Attn:  Derek F. Meek, Esq.; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

**Dated: August 8th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_SF:101567.5 39566/001

5