**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iPic-Gold Class Entertainment, LLC, *et al.*,[1] | Case No. 19-11739 (LSS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON SEPTEMBER 11, 2019 AT 11:00 A.M. (EASTERN TIME)**

**The hearing will be held at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.**

**Any party participating telephonically should make arrangements through CourtCall by telephone (866-582-6878) or facsimile (866-533-2946), no later than 12:00 p.m., one (1) business day before the hearing.**

**RESOLVED MATTERS**

1. **Interim Compensation Motion** – Debtors' Motion for an Administrative Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals [Filed: 8/15/19] (Docket No. 106).

   Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the United States Trustee (the "UST") and the Official Committee of Unsecured Creditors (the "Committee").

   Responses Received: None.

   Related Documents:

   a) Certification of No Objection Regarding Debtors' Motion for an Administrative Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals [Filed: 9/5/19] (Docket No. 187).

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

b) [Signed] Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals [Filed: 9/6/19] (Docket No. 198).

Status: The order has been entered. No hearing is necessary.

2. **Schedules/SOFAs Extension Motion** – Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and (II) Granting Related Relief [Filed: 8/15/19] (Docket No. 108).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) Certification of No Objection Regarding Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and (II) Granting Related Relief [Filed: 9/5/19] (Docket No. 188).

b) [Signed] Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, and (II) Granting Related Relief [Filed: 9/6/19] (Docket No. 199).

Status: The order has been entered. No hearing is necessary.

3. **9019 Motion with Universal** – Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving Revised Critical Vendor Agreement Between Debtors and Universal Film Exchanges LLC [Filed: 8/21/19] (Docket No. 128).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) Certification of No Objection Regarding Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving Revised Critical Vendor Agreement Between Debtors and Universal Film Exchanges LLC [Filed: 9/5/19] (Docket No. 189).

b) [Signed] Order Approving Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for an Order Approving Revised Critical Vendor Agreement Between Debtors and Universal Film Exchanges LLC [Filed: 9/6/19] (Docket No. 201).

Status: The order has been entered. No hearing is necessary.

4. **Supplemental Wage Motion** – Supplement to Motion for Entry of Order (I) Authorizing Debtors to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Filed: 8/28/19] (Docket No. 156).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) Certification of No Objection Regarding Supplement to Motion for Entry of Order (I) Authorizing Debtors to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Filed: 9/5/19] (Docket No. 190).

b) [Signed] Supplemental Order (I) Authorizing Debtors to (A) Pay and Honor Prepetition Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief [Filed: 9/6/19] (Docket No. 202).

Status: The order has been entered. No hearing is necessary.

5. **Equity Trading/NOL Motion** – Debtors' Motion for Entry of an Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief [Filed: 8/28/19] (Docket No. 159).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

Related Documents:

a) Certification of Counsel Regarding Debtors' Motion for Entry of an Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief [Filed: 9/6/19] (Docket No. 193).

b) [Signed] Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief [Filed: 9/6/19] (Docket No. 203).

Status: The order has been entered. No hearing is necessary.

**MATTERS FOR WHICH CNOS/COS HAVE BEEN FILED**

6. **Tax Motion** – Debtors' Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code for an Order Authorizing the Payment of Prepetition Sales, Franchise Taxes and Similar Taxes and Fees [Filed: 8/5/19] (Docket No. 8).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code (I) Authorizing the Payment of Prepetition Sales, Franchise and Other Similar Taxes and Fees [Filed: 8/8/19] (Docket No. 74).

b) Notice of Entry of Interim Order Interim Order Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code (I) Authorizing the Payment of Prepetition Sales, Franchise and Other Similar Taxes and Fees [Filed: 8/8/19] (Docket No. 78).

c) Certification of No Objection Regarding Debtors' Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code for an Order Authorizing the Payment of Prepetition Sales, Franchise Taxes and Similar Taxes and Fees [Filed: 9/6/19] (Docket No. 207).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

7. **Customer Programs Motion** – Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Honor Certain Prepetition Customer Programs in the Ordinary Course of Business; and (II) Granting Certain Related Relief [Filed: 8/5/19] (Docket No. 9).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order (I) Authorizing Debtors to Honor Certain Prepetition Customer Programs in the Ordinary Course of Business; and (II) Granting Certain Related Relief [Filed: 8/8/19] (Docket No. 72).

b) Notice of Entry of Interim Order (I) Authorizing Debtors to Honor Certain Prepetition Customer Programs in the Ordinary Course of Business; and (II) Granting Certain Related Relief [Filed: 8/8/19] (Docket No. 79).

c) Certification of No Objection Regarding Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Honor Certain Prepetition Customer Programs in the Ordinary Course of Business; and (II) Granting Certain Related Relief [Filed: 9/6/19] (Docket No. 207).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

8. **Cash Management Motion** – Debtors' Motion for Order Under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(b) Deposit and Investment Requirements and (V) Granting Related Relief [Filed: 8/5/19] (Docket No. 10).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order Under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(b) Deposit and Investment Requirements and (V) Granting Related Relief [Filed: 8/6/19] (Docket No. 46).

b) Notice of Entry of Interim Order Under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank

Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(b) Deposit and Investment Requirements and (V) Granting Related Relief [Filed: 8/7/19] (Docket No. 62).

c) Certification of No Objection Regarding Debtors' Motion for Order Under Sections 105, 345, 363, 364, 503, 1107 and 1108 of the Bankruptcy Code Authorizing (I) Maintenance of Existing Bank Accounts; (II) Continuance of Existing Cash Management System, Bank Accounts, Checks and Related Forms; (III) Continued Performance of Intercompany Transactions; (IV) Limited Waiver of Section 345(b) Deposit and Investment Requirements and (V) Granting Related Relief [Filed: 9/6/19] (Docket No. 208).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

9. **Insurance Motion** – Motion of the Debtors for Order (A) Authorizing the Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder; and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto [Filed: 8/5/19] (Docket No. 12).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order (A) Authorizing the Debtors to (I) Maintain And Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder; and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto [Filed: 8/6/19] (Docket No. 47).

b) Notice of Entry of Interim Order (A) Authorizing the Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder; and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto [Filed: 8/7/19] (Docket No. 64).

c) Certification of No Objection Regarding Motion of the Debtors for Order (A) Authorizing the Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder; and (B) Authorizing

Financial Institutions to Honor All Obligations Related Thereto [Filed: 9/6/19] (Docket No. 209).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

10. **PACA/PASA Motion** – Motion for Entry of Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims Arising Under (A) the Perishable Agricultural Commodities Act and (B) the Packers and Stockyards Act, and (II) Granting Certain Related Relief Thereto [Filed: 8/5/19] (Docket No. 13).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims Arising Under (A) the Perishable Agricultural Commodities Act and (B) the Packers and Stockyards Act, and (II) Granting Certain Related Relief [Filed: 8/8/19] (Docket No. 75).

b) Notice of Entry of Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims Arising Under (A) the Perishable Agricultural Commodities Act and (B) the Packers and Stockyards Act, and (II) Granting Certain Related Relief [Filed: 8/8/19] (Docket No. 80).

c) [Signed] Interim Order Authorizing: (A) Increase to Interim Critical Vendor Cap and Interim PACA/PASA Cap; and (B) Granting Related Relief [Filed: 8/22/19] (Docket No. 137).

d) Certification of No Objection Regarding Motion for Entry of Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims Arising Under (A) the Perishable Agricultural Commodities Act and (B) the Packers and Stockyards Act, and (II) Granting Certain Related Relief Thereto [Filed: 9/6/19] (Docket No. 210).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

11. **Critical Vendor Motion** – Debtors' Motion for Entry of an Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Filed: 8/5/19] (Docket No. 14).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received: None.

Related Documents:

a) [Signed] Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Filed: 8/8/19] (Docket No. 76).

b) Notice of Entry of Interim Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Filed: 8/8/19] (Docket No. 81).

c) [Signed] Interim Order Authorizing: (A) Increase to Interim Critical Vendor Cap and Interim PACA/PASA Cap; and (B) Granting Related Relief [Filed: 8/22/19] (Docket No. 137).

d) Certification of No Objection Regarding Debtors' Motion for Entry of an Order (A) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief [Filed: 9/6/19] (Docket No. 211).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

12. **PSZ&J Retention Application** – Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed: 8/15/19] (Docket No. 109).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

Related Documents:

a) Certification of No Objection Regarding Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filed: 9/6/19] (Docket No. 212).

Status: A certification of no objection has been filed. The Debtors request entry of the order attached to the certification of no objection. No hearing is necessary unless the Court has any questions.

13. **FTI Retention Application** – Debtors' Motion to Retain FTI Consulting, Inc. to (I) Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate William J. Nolan as Chief Restructuring Officer for the Debtors *Nunc Pro Tunc* to the Petition Date [Filed: 8/15/19] (Docket No. 110).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

Related Documents:

a) Certification of Counsel Regarding Debtors' Motion to Retain FTI Consulting, Inc. to (I) Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate William J. Nolan as Chief Restructuring Officer for the Debtors *Nunc Pro Tunc* to the Petition Date [Filed: 9/5/19] (Docket No. 191).

Status: A revised proposed order has been filed under certification of counsel. The Debtors request entry of the order attached to the certification of counsel. No hearing is necessary unless the Court has any questions.

14. **Stay Motion re AMC Appeal** – Debtors' Motion for Entry of an Order (A) Granting Relief from the Automatic Stay to Permit Disposition of Matter on Appeal, and (B) Granting Related Relief [Filed: 8/21/19] (Docket No. 129).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comment from the Committee.

Related Documents:

a) Certification of Counsel Regarding Debtors' Motion for Entry of an Order (A) Granting Relief from the Automatic Stay to Permit Disposition of Matter on Appeal, and (B) Granting Related Relief [Filed: 9/9/19] (Docket No. 216).

Status: A revised proposed order has been filed under certification of counsel. The Debtors request entry of the order attached to the certification of counsel. No hearing is necessary unless the Court has any questions.

15. **Aurora Retention Application** – Application for Order, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and Del. Bankr. L.R. 2014-1 Authorizing Employment and Retention of Aurora Management Partners LLC to Provide Transitional Financial Advisory Services to the Debtors *Nunc Pro Tunc* to the Petition Date [Filed: 8/21/19] (Docket No. 132).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

Related Documents:

a) Certification of Counsel Regarding Application for Order, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and Del. Bankr. L.R. 2014-1 Authorizing Employment and Retention of Aurora Management Partners LLC to Provide Transitional Financial Advisory Services to the Debtors *Nunc Pro Tunc* to the Petition Date [Filed: 9/5/19] (Docket No. 192).

Status: A revised proposed order has been filed under certification of counsel. The Debtors request entry of the order attached to the certification of counsel. No hearing is necessary unless the Court has any questions.

16. **OCP Motion** – Debtors' Motion for Entry of an Order Authorizing the Employment and Compensation of Certain Professionals Utilized in the Ordinary Course of Business, *Nunc Pro Tunc* to the Petition Date [Filed: 8/28/19] (Docket No. 160).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

Related Documents:

a) Certification of Counsel Regarding Debtors' Motion for Entry of an Order Authorizing the Employment and Compensation of Certain Professionals Utilized in the Ordinary Course of Business, *Nunc Pro Tunc* to the Petition Date [Filed: 9/6/19] (Docket No. 213).

Status: A revised proposed order has been filed under certification of counsel. The Debtors request entry of the order attached to the certification of counsel. No hearing is necessary unless the Court has any questions.

## MATTERS GOING FORWARD

17. **Utility Motion** – Debtors' Motion for Interim and Final Orders (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed: 8/5/19] (Docket No. 7).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Objection of Certain Utility Companies to the Debtors' Motion for Interim and Final Orders (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed: 8/28/19] (Docket No. 158).

b) Joinder of Gexa Energy, LP to the Objection of Certain Utility Companies to the Debtors' Motion for Interim and Final Orders (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Docket No. 158] [Filed: 8/30/19] (Docket No. 167).

Related Documents:

a) [Signed] Interim Order (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed: 8/8/19] (Docket No. 73).

b) Notice of Entry of Interim Order (A) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (B) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (C) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (D) Granting Related Relief [Filed: 8/8/19] (Docket No. 77).

Status: This matter will go forward. The Debtors are working to resolve the responses in advance of the hearing.

18. **DIP Motion** – Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §§ 364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 8/5/19] (Docket No. 15).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

b) Informal comments from the City of Fairview and Harris County.

c) Objection of Maricopa County Treasurer to Interim Order: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to U.S.C. §§ 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 8/15/19] (Docket No. 100).

d) Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §§ 364; (III) Use Cash Collateral and (IV) Provide Adequate Protection to Prepetition Credit Parties; (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 9/4/19] (Docket No. 176).

(i) Notice of Withdrawal of Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §§ 364; (III) Use Cash Collateral and (IV) Provide Adequate Protection to Prepetition Credit Parties; (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing

Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 9/4/19] (Docket No. 177).

e) Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §§ 364; (III) Use Cash Collateral and (IV) Provide Adequate Protection to Prepetition Credit Parties; (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 9/4/19] (Docket No. 178).

f) Certain PACA Creditors' Limited Objection to Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §§ 364; (III) Use Cash Collateral and (IV) Provide Adequate Protection to Prepetition Credit Parties; (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 9/4/19] (Docket No. 179).

Replies Filed:

a) Reply in Support of Debtors' Motion for Interim and Final Orders: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 9/9/19] (Docket No. 219).

Related Documents:

a) [Signed] Interim Order: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to U.S.C. §§ 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 8/6/19] (Docket No. 48).

b) Notice of Interim Order: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to U.S.C. §§ 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. §

364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (C) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Bankruptcy Rule 4001-2 [Filed: 8/7/19] (Docket No. 65).

Status: This matter will go forward.

19. **PJ Solomon Retention Application** – Debtors' Application for Entry of an Order: (I) Authorizing Debtors to Employ and Retain PJ Solomon as Investment Banker to the Debtors Effective *Nunc Pro Tunc* to the Petition Date, (II) Approving the Terms of the Engagement Letter, (III) Modifying Certain Time-Keeping Requirements, and (IV) Granting Related Relief [Filed: 8/13/19] (Docket No. 94).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Informal comments from the UST.

b) Limited Objection by the Official Committee of Unsecured Creditors to Debtors' Application for Entry of an Order: (I) Authorizing Debtors to Employ and Retain PJ Solomon as Investment Banker to the Debtors Effective *Nunc Pro Tunc* to the Petition Date, (II) Approving the Terms of the Engagement Letter, (III) Modifying Certain Time-Keeping Requirements, and (IV) Granting Related Relief [Filed: 9/4/19] (Docket No. 173).

Related Documents: None as of the date hereof.

Status: This matter will go forward.

20. **Bidding Procedures Motion** – Motion for (I) Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases [Filed: 8/15/19] (Docket No. 104).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. for the UST and the Committee.

Responses Received:

a) Letter from the New Jersey Attorney General, Department of Law and Public Safety, Division of Alcoholic Beverage Control [Filed: 8/22/19] (Docket No. 148).

b) Objection of LBA IV-PPII-Retail, LLC to Debtors' Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases [Filed: 9/4/19] (Docket No. 171).

c) Limited Objection by the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of Order (A) Approving Bidding Procedures in Connection with the Sale of Substantially All Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases [Filed: 9/4/19] (Docket No. 172).

d) Limited Objection of Brookfield Property REIT, Inc., Regency Centers, L.P., and ShopCore Properties to Debtors' Motion for (I) and Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases [Filed: 9/4/19] (Docket No. 174).

e) Joinder of Delray Beach 4th & 5th Avenue LLC to Objections of Landlords, LBA IV-PPII-Retail, LLC, Brookfield Property REIT, Inc., Regency Centers, L.P., and ShopCore Properties to Debtors' Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases [Filed: 9/4/19] (Docket No. 180).

f) Joinder of Starwood Retail Partners LLC and Federal Realty Investment Trust to the (I) Objection of LBA IV-PPII-Retail, LLC (D.I. 171); and (II) Limited Objection of Brookfield Property REIT, Inc., Regency Centers, L.P., and

ShopCore Properties, Each to Debtors' Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases (D.I. 174) [Filed: 9/4/19] (Docket No. 182).

g) Limited Objection of the Acting United States Trustee to Debtors' Motion to Establish Bid Procedures [Filed: 9/5/19] (Docket No. 184).

Replies Filed:

a) Omnibus Reply to Objections to the Motion for an Order (A) Approving Bidding Procedures for the Sale of Substantially All Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; and (D) Granting Related Relief [Filed: 9/9/19] (Docket No. 220).

Related Documents: None as of the date hereof.

Status: This matter will go forward.

21. **KERP/KEIP Motion** – Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of a Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 8/21/19] (Docket No. 133).

Response Deadline: September 4, 2019 at 4:00 p.m. Eastern Time. Extended to September 5, 2019 at 4:00 p.m. Eastern Time for the UST, the Committee, and the Lenders.

Responses Received:

a) Limited Objection of the Official Committee of Unsecured Creditors with Respect to Debtors' Motion Seeking Approval of Key Employee Incentive Plan and Reservation of Rights with Respect Thereto [Filed: 9/4/19] (Docket No. 175).

b) Reservation of Rights of the Acting United States Trustee to Debtors' Motion to Pay Bonuses [Filed: 9/5/19] (Docket No. 186).

c) Objection of the Acting United States Trustee to Debtors' Motion to Pay Bonuses [Filed: 9/9/19] (Docket No. 218).

Replies Filed:

a) Reply in Support of Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/9/19] (Docket No. 217).

Related Documents:

a) [SEALED] Notice of Filing of Sealed Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 194).

b) [REDACTED] Notice of Filing of Sealed Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 195).

Status: This matter will go forward.

22. **Seal Motion** – Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 196).

Response Deadline: At or before the hearing.

Responses Received: None as of the date hereof.

Related Documents:

a) [SEALED] Notice of Filing of Sealed Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 194).

b) [REDACTED] Notice of Filing of Sealed Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 195).

c) Debtors' Motion to Shorten Notice and Schedule Hearing with Respect to Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal

Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 197).

d) [Signed] Order Granting Debtors' Motion to Shorten Notice and Schedule Hearing with Respect to Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 200).

e) Notice of Hearing on: (A) Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief; and (B) Related Motion to Shorten Notice [Filed: 9/6/19] (Docket No. 205).

Status: This matter will go forward.

23. **Motion to Shorten Seal Motion** – Debtors' Motion to Shorten Notice and Schedule Hearing with Respect to Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 197).

Response Deadline: At or before the hearing.

Responses Received: None as of the date hereof.

Related Documents:

a) [Signed] Order Granting Debtors' Motion to Shorten Notice and Schedule Hearing with Respect to Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make Postpetition Severance Payments; and (III) Granting Related Relief [Filed: 9/6/19] (Docket No. 200).

b) Notice of Hearing on: (A) Debtors' Motion for Entry of Order Authorizing Debtors to File Under Seal Certain Exhibits to Debtors' Motion for an Order (I) Approving Terms and Authorizing Implementation of Key Employee Retention Plan and Key Employee Incentive Plan; (II) Authorizing Debtors to Make

Postpetition Severance Payments; and (III) Granting Related Relief; and (B) Related Motion to Shorten Notice [Filed: 9/6/19] (Docket No. 205).

Status: This matter will go forward.

Dated: September 9, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: jpomerantz@pszjlaw.com
dgrassgreen@pszjlaw.com
pkeane@pszjlaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*