# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 11 |
| iPic-Gold Class Entertainment, LLC, ) | |
| *et al.*, ) | |
| ) | Case No. 19-11739 (LSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## LIMITED OBJECTION OF SIMON PROPERTY GROUP, INC. TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Simon Property Group, Inc., on behalf of itself and its affiliated entity, THE DOMAIN MALL II, LLC, a Delaware limited liability company ("Simon" or "Landlord"), by and through its counsel, Ronald M. Tucker and the Law Office of Susan E. Kaufman, LLC by Susan E. Kaufman, hereby files its Limited Objection to Debtors' Notice of Proposed Assumption and Assignment of Designated Executory Contracts and Unexpired Leases ("Limited Objection").

## BACKGROUND

1. This is a contested matter pursuant to Bankruptcy Rules 6006(b) and 9014.

2. Jurisdiction is based upon 28 U.S.C. §1334.

3. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

4. On August 5, 2019 ("Petition Date"), the above-captioned debtors (the "Debtors") filed their petition for relief under Chapter 11 of the United States Bankruptcy Code.

5. As of the Petition Date, the Debtors are the lessee under a lease of non-residential real property located at The Domain in Austin, Texas ("Lease") with the Landlord.

6. On September 16, 2019, the Debtors filed the Notice of Proposed Assumption and Assignment of Designated Executory Contracts and Unexpired Leases (Docket No. 282), which

lists, as item number 257, the Debtors' proposed cure amount of $34,278.89 for the Lease ("Proposed Cure Amount").

7.    Simon objects to the Proposed Cure Amount because it is inaccurate. Simon hereby asserts that the correct amount required to cure the Lease is $36,778.89, which amount is detailed on Exhibit "A" attached hereto and incorporated herein by reference.

## **OBJECTION**

8.    Pursuant to 11 U.S.C. § 365(b)(1)(A):

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default. . ..

9.    Simon disagrees with the Proposed Cure Amount because: (i) the Debtors are in default of their monetary obligation under the Lease; (ii) the Notice fails to compensate Landlord for any actual pecuniary loss resulting from the default and/or bankruptcy filing; or (iii) both.

10.    Further, Section 365(b)(1)(B) provides for compensation to a landlord for sums incurred doing for attorneys' fees in connection with the bankruptcy case.[1] The Proposed Cure Amount fails to include such compensation to Simon. Simon requests $2,500.00 as reasonable attorneys' fees associated with the bankruptcy and possible assumption of the Lease.

---

[1] *See In re: F&N Acquisition Corp.,* 152 B.R. 304 (W.D. Wash. 1993); *In re: Westworld Community Healthcare, Inc.,* 95 B.R. 730 (C.D. Cal. 1989); *In re: Ryan's Suns, Inc.,* 25 Bankr. Ct. Dec. 649 (W.D.Md. 1994); and *In re: Child World, Inc.,* 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees based upon the language of the lease.)

11. Simon also objects, in part, to the assumption of the Lease because Debtors must take this Lease subject to any charges accrued, but not yet billed, including, but not limited to, common area maintenance, real estate taxes, utilities, overage rent or percent rent. Simon further reserves the right to supplement this Limited Objection prior to any final determination by the Bankruptcy Court regarding assumption of the Lease, including the amount and payment required for purposes of cure under Section 365, because rent, attorneys' fees and other charges continue to accrue.

12. In addition to the foregoing, Simon further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Limited Objection.

Wherefore, Simon requests that the Debtors be required to cure all outstanding defaults and that Simon be awarded its costs and reasonable attorneys' fees incurred in connection with this Limited Objection.

Date: September 27, 2019

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420 / (302) 792-7420 Fax
skaufman@skaufmanlaw.com

-and-

Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, IN 46204
(317) 263-2346 / (317) 263-7901 Fax
rtucker@simon.com

Attorneys for Simon Property Group, Inc.