IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iPic-Gold Class Entertainment, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11739 (LSS)<br><br>(Jointly Administered) |

Objection Deadline: December 4, 2019 at 4:00 p.m. (ET)
Hearing Date: December 11, 2019 at 2:00 p.m. (ET)

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE
EXCLUSIVE PERIODS WITHIN WHICH THE DEBTORS MAY FILE
A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases move the Court (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof for an additional one hundred twenty (120) days. In support of this Motion, the Debtors respectfully submit as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief requested herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-2.

**Background**

4. On August 5, 2019 (the "Petition Date"), each Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these chapter 11 cases. On August 14, 2019, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

6. The Debtors are a leading provider of polished-casual dining in a luxury

2

theater auditorium environment. The Debtors are one of the largest combined movie theater and restaurant entertainment destinations with locations that provide a luxurious movie-going experience at an affordable price. The Debtors provide customers with high-quality, chef-driven culinary and mixology in unique destinations that include premium movie theaters, restaurants and lounges.

7. A more detailed description of the Debtors' business and operations, and the events leading to the commencement of these chapter 11 cases, is provided in the *Declaration of David M. Baker in Support First Day Motions* [Docket No. 4] (the "First Day Declaration"), and incorporated herein by reference.

8. On October 29, 2019, the Court entered an order approving the sale of substantially all of the Debtors' assets [Docket No. 470] (the "Sale Order"). In connection with the Sale Order, the Court also approved a settlement term sheet (the "Term Sheet Settlement") among the Debtors, RSA, and the Committee. *See* Sale Order, Exhibit 2. The Term Sheet Settlement contemplates that the Committee will be responsible for preparing, filing, and prosecuting a disclosure statement and chapter 11 plan, *see* Term Sheet Settlement at ¶1, to which the Debtors expect they will review and provide input. The Debtors file this Motion to extend the Exclusive Periods (defined below) pending the filing of a disclosure statement and chapter 11 plan, and so another third party does not derail the expected plan process by seeking to file its own competing plan.

### Relief Requested

9. The Debtors' currently exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") is December 3, 2019, and the Debtors' current exclusive period to

3

solicit votes to approve a chapter 11 plan (the "Exclusive Solicitation Period") is February 1, 2020 (together, the "Exclusive Periods", together, the "Current Exclusive Periods").[2]

10. By this Motion, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 1121(d) of the Bankruptcy Code, extending by one hundred twenty (120) days: (i) the Exclusive Filing Period through and including April 1, 2020; and (ii) the Exclusive Solicitation Period through and including June 1, 2020. The Debtors further request that entry of the Proposed Order be without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

## Basis for Relief

11. Section 1121 of the Bankruptcy Code provides for exclusive periods in which a chapter 11 debtor may formulate and propose a confirmable plan of reorganization or liquidation and to solicit acceptances thereof without the disruption that might be caused by the filing of competing plans by non-debtor parties. However, section 1121(d) allows the court to extend the debtor's exclusive periods for "cause." Specifically, section 1121(d) provides that:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Current Exclusive Periods shall serve to automatically extend the Current Exclusive Periods without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

4

11 U.S.C. § 1121(d).

I. **Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause."**

12. A bankruptcy court has the discretion to extend a debtor's exclusive periods based upon the facts and circumstances of a particular case. *See First Am. Bank of New York v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, at *12 (N.D. Ill. 1999); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for purposes of an extension request under section 1121(d), courts have looked to the legislative history of section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Such legislative history indicates that Congress did not intend that the initial exclusive periods be set in stone. *See Amko Plastics*, 197 B.R. at 77 (finding courts should have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [section 1121(d)] is flexibility.").

13. Instead, Congress intended that the debtor's exclusive periods be of sufficient length to afford the debtor a full and fair opportunity to negotiate, formulate, and draft a confirmable chapter 11 plan without the disruptions that would occur with the filing of competing plans. *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by completion . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress has recognized that, depending on the

5

facts and circumstances of a particular case, an exclusive period of only 120 days may not provide a debtor with adequate time in which to propose such plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

14. In determining whether cause exists for an extension of exclusivity, bankruptcy courts consider a variety of factors, including:

a) the size and complexity of the case;

b) the necessity of sufficient time to negotiate and prepare adequate information;

c) the existence of good faith progress toward reorganization;[3]

d) whether the debtor is paying its debts as they come due;

e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f) whether the debtor has made progress in negotiating with creditors;

g) the length of time the case has been pending;

h) whether the debtor is seeking the extension to pressure creditors; and

i) whether unresolved contingencies exist.

*See, e.g., In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005);

---

[3] Reorganization includes liquidation. *In re Enron Corp.*, 284 B.R. 376, 406 n.13, n.14 (Bankr. S.D.N.Y. 2002) ("the concept of reorganization includes liquidation"); *see In re Ionosphere Clubs, Inc.*, 184 B.R. 648, 654 (S.D.N.Y. 1995) (collecting cases holding that liquidation is encompassed under and permissible in reorganization plans).

*In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

15.     Importantly, however, not all of the above factors are necessary or relevant in determining whether to grant an extension of the exclusivity periods in a particular case. *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (relying upon only four factors in determining whether cause exists to support an extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C 1986) (holding that cause existed to extend exclusivity based on only three factors).  As explained more fully below, the application of the above factors to the facts and circumstances of the chapter 11 cases demonstrates that more than sufficient cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

**II.    Cause Exists for a Further Extension of the Debtors' Exclusive Periods in These Chapter 11 Cases.**

16.     Pursuant to this Motion, the Debtors are seeking a further extension of the Exclusive Periods.  For the reasons set forth below, cause exists for such an extension.

17.     The Debtors satisfy the various factors that courts rely on in connection with granting extensions of the Exclusive Periods set forth in section 1121(d) of the Bankruptcy Code.

- *The Debtors' Chapter 11 Cases Are Large and Complex.* These chapter 11 cases involve six Debtor entities with hundreds of employees, approximately $220 million in debt obligations as of the Petition Date, and a number of operating and non-operating theater locations in multiple states across the country. Accordingly, the size and complexity of these chapter 11 cases weighs in favor of extending the Exclusive Periods.

- *The Debtors Have Made Good-Faith Progress.* The Debtors have obtained first day relief to ensure a smooth transition into chapter 11 and filed their schedules of assets and liabilities and statements of financial affairs, among other tasks. The Debtors have also conducted a sales process that resulted in entry of the Sale Order for a sale to iPic Theaters, LLC (with a sale closing on

7

November 15, 2019) to maximize the value of substantially all of their assets. The Debtors, the Committee, and RSA have also agreed to the terms of the Term Sheet Settlement that resolved major, pending disputes and that will provide the framework for a chapter 11 plan process.

- *Extending the Exclusivity Periods Will Not Prejudice Creditors.* The Debtors are requesting an extension of the Exclusive Periods to focus on working with the Committee and RSA to develop a liquidating plan contemplated by the Term Sheet Settlement. Continued exclusivity will permit the Debtors to maintain flexibility so a competing plan by another third party does not derail the parties' efforts towards an orderly liquidation process now that the Sale Order has been entered and the sale closed on November 15, 2019. All stakeholders will benefit from such continued stability and predictability.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* The Debtors have only recently completed their sales process, and, as set forth in the approved Term Sheet Settlement, the Committee will be preparing and prosecuting approval of a disclosure statement and chapter 11 plan with input from the Debtors and RSA.

- *The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusive Periods.* The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods. Indeed, two key creditor groups – the Committee and RSA – have agreed to the Term Sheet Settlement that provides a path forward towards a chapter 11 plan.

- *These Chapter 11 Cases Are Approximately Three Months Old.* The Debtors' request for an extension of the Exclusive Periods is the Debtors' first such request and comes approximately three months after the Petition Date. As discussed above, during this short time, the Debtors have accomplished a great deal, have closed the sale of their assets, and are working with the Committee and RSA towards the goal of pursuing a confirmed plan.

18. Moreover, termination of the Exclusive Periods would adversely impact the substantial progress made by the Debtors in the chapter 11 cases to date. Through the chapter 11 cases, the Debtors have thus far been able to focus their efforts upon maximizing value and obtaining approval of the sale of the Debtors' assets through the Sale Order.

19. Accordingly, based upon the foregoing, cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

DOCS_DE:226011.3 39566/002

**Notice**

20.     The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' prepetition and postpetition lenders; (c) counsel to the Committee; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

21.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached to this Motion as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated:  November 27, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:   jpomerantz@pszjlaw.com
               dgrassgreen@pszjlaw.com
               pkeane@pszjlaw.com

*Attorneys for Debtors and Debtors in Possession*