UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No: 19-11739(LSS) |
| iPic-Gold Class Entertainment, LLC, et al.,[1] | Jointly Administered |
| Debtors. | Chapter 11 |

## CREDITOR, ECOSTRUCTION, INC.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE CLAIM UNDER 11 U.S.C. § 503(b)(9)

Creditor, EcoStruction, Inc. ("EcoStruction"), by and through undersigned counsel and pursuant to 11 U.S.C. § 503(b)(9), files this *Motion for Allowance and Immediate Payment of Administrative Claim Under 11 U.S.C. § 503(b)(9)* (the "Motion"), and in support thereof, EcoStruction states as follows:

### INTRODUCTION

EcoStruction was the general contractor building out Debtors' corporate offices located within Suite 400 (the "Office") of the real property located at 25 SE 4th Ave, Delray Beach, FL 33483 (the "Property"). As part of the construction project, EcoStruction sold and delivered goods to Debtors in the ordinary course of business. Debtors received goods valued at $103,506.28. within twenty (20) days before Debtors' bankruptcy filing. Accordingly, EcoStruction has an administrative claim entitled to priority arising from the sale and delivery of these goods, which should be allowed and paid forthwith.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432 (collectively referred to herein as the "Debtors").

{00027344. }

## BACKGROUND

1.      The administratively consolidated Debtors filed their bankruptcy petitions on August 5, 2019.

2.      Prior to the petition date, EcoStruction was the general contractor for the interior office build-out of what was anticipated to be the Debtors' corporate offices located at the Property.

3.      As part of the construction project, EcoStruction provided services and sold and delivered goods to Debtors. The goods provided to the Debtors included, among other things, building materials, parts and equipment for floor protection, fireproofing, sprinkler systems, plumbing, electrical, interior glazing, HVAC controls, DWS fillers, spray applied insulation and ACT for a common corridor (the "Goods").

4.      The price of the Goods received by the Debtors between July 15, 2019 and August 5, 2019 is $103,506.28.

5.      EcoStruction's claim arising from the sale of these Goods constitutes an administrative claim that is entitled to priority.

6.      EcoStruction incorporated its administrative claim arising from its sale of the Goods in its proof of claim filed on November 21, 2019 [Proof of Claim No. 131].

7.      EcoStruction respectfully requests that the Court enter an Order granting this Motion, allowing EcoStruction's administrative claim and directing Debtors to pay EcoStruction forthwith.

## JURISDICTION

8.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

9.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

10.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

{00027344. }                                    2

## BASIS FOR RELIEF REQUESTED

### A.  EcoStruction's Claim is an Administrative Claim Entitled to Priority.

11.     Bankruptcy Code section 503(b)(9) provides that, after notice and a hearing, the bankruptcy court shall allow, as an administrative expense, "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." Administrative expenses receive priority over other unsecured claims pursuant to 11 U.S.C. § 507(a)(2). Administrative claims "are allowed if: '(1) the vendor sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days before the bankruptcy filing; and (3) the goods were sold . . . in the ordinary course of business.'" *In re World Imps., Ltd.*, 862 F. 3d 338, 341 (3rd Cir. 2017); *see also In re NE Opco, Inc.*, 501 B.R. 233, 240 (Bankr. D. Del. 2013). As more specifically described below, EcoStruction's administrative claim meets every prong of *In re World Imports, Ltd.*, and should be allowed and paid forthwith. 862 F. 3d at  341.

12.     First, EcoStruction "sold" the Goods to Debtors. Because the terms "received," "sold," and "ordinary course of business," as used in 11 U.S.C. § 503(b)(9), are not defined in the Bankruptcy Code, this Court looks to the Uniform Commercial Code ("U.C.C.") to construe these terms. *In re SemCrude, L.P.*, 416 B.R. 399, 405 (Bankr. D. Del. 2009). The U.C.C. states that a "sale" is "the passing of title from the seller to the buyer for a price." U.C.C. § 2-106(1). Here, EcoStruction conveyed title to the Goods to Debtors in exchange for payment of $103,506.28. However, Debtors never paid EcoStruction for the Goods. Moreover, Debtors have never denied that EcoStruction sold the Goods to Debtors. There is no question that the conveyance of the Goods from EcoStruction to Debtors constitutes a sale.

13.     Second, the Goods fall within the definition of the term "goods", as construed in this Circuit. *In re World Imports, Ltd.*, 862 F. 3d at 346, fn. 3 (citing to *In re Circuit City Stores,*

*Inc.*, 416 B.R. 531, 535–37 (Bankr. E.D. Va. 2009) (applying the U.C.C. definition of "goods" to 11 U.S.C. § 503(b)(9)); *see also In re Goody's Family Clothing Inc.*, 401 B.R. 131, 134 (Bankr. D. Del. 2009) (concluding that "the term 'goods' in section 503(b)(9) conforms with the meaning given in U.C.C. § 2–105(1)."). The U.C.C. § 2–105(1) defines "goods" as:

> [A]ll things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action.

U.C.C. § 2–105(1). The Goods are composed of construction materials, parts and equipment. As such, the Goods are "movable," tangible and fall within the broad scope of the U.C.C. definition of "goods."

14.    Moreover, EcoStruction may also recover the value of the Goods, even though the Goods were sold along with its construction services. *In re Plastech Engineered Products, Inc.*, 397 B.R. 828, 838 (Bankr. E.D. Mich. 2008) ("There is nothing in § 503(b)(9) that somehow disqualifies a § 503(b)(9) claim just because the contract pursuant to which the goods were sold also provides for the sale of services.).

15.    Third, Debtors "received" the goods. The U.S. Court of Appeal for the Third Circuit stated that a debtor has "received" the goods at issue when the debtor obtained "physical possession" of the goods. *In re World Imports, Ltd.*, 862 F. 3d at 346. Here, Debtors obtained physical possession of the subject Goods between July 15, 2019 and August 5, 2019, which is within twenty days before the bankruptcy filing. 11 U.S.C. § 503(b)(9).

16.    Fourth, EcoStruction sold the Goods to Debtors "in the ordinary course of business." The U.C.C. § 1–201(9) states that "a person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices." EcoStruction sold the Goods to Debtors in "the usual or customary practices" of the construction industry." Moreover,

EcoStruction has been in the construction business for over a decade and, during this time, it has been EcoStruction's "own usual or customary practices" to sell its clients the construction materials, parts and equipment that it needs to complete its construction work. Accordingly, EcoStruction's claim should be allowed as an administrative claim entitled to priority over other unsecured claims pursuant to 11 U.S.C. § 507(a)(2).

**B.  EcoStruction's Administrative Claim Should be Paid Immediately.**

17.     EcoStruction's administrative claim should be paid immediately. "Courts have discretion to determine when an administrative expense will be paid . . . In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re Garden Ridge Corp.*, 323 B.R. 136, (Bankr. D. Del. 2005). EcoStruction's administrative claim in the amount of $103,506.28 satisfies each prong of *In re Garden Ridge Corp.*, and thus should be paid immediately.

18.     In its *Amended Schedules*, iPic-Gold Class Entertainment, LLC listed assets valued at $166,514,166.10 and gross revenue from January 1, 2017 to the date of filing of $349,220,158.00 (of which $76,222,634.00 was earned in 2019) [ECF Nos. 391 and 392]. EcoStruction's claim for $103,506.28 "is a tiny fraction of these amounts" and "[g]iven, therefore, this differential, it may be assumed that the ability of the Debtor to effectuate an effective plan of reorganization would not be noticeably impacted if it were required to immediately pay [EcoStruction its] administrative claim." *In re Arts Dairy, LLC*, 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009). Even though EcoStruction's claim is small when compared to Debtors's assets and revenue, it is a substantial amount to EcoStruction, which is a much smaller company. Should this Court not order the immediate payment of EcoStruction's administrative claim, EcoStruction will suffer significant hardship. Moreover, other creditors will not suffer detriment if EcoStruction's

claim is paid immediately because the claim is small when compared to Debtors' assets and revenue, as well as the amount of other claims.

WHEREFORE, Creditor, EcoStruction, Inc., respectfully requests the entry of an Order of the Court:

(a) Granting this Motion;

(b) Allowing EcoStruction's administrative claim;

(c) Requiring Debtors to pay EcoStruction $103,506.28 immediately; and

(d) Granting such other and further relief that is just and proper.


Dated: December 30, 2019                    Respectfully submitted,

                                            **THE ROSNER LAW GROUP LLC**

                                            */s/ Jason A. Gibson*
                                            Frederick B. Rosner (DE 3995)
                                            Jason A. Gibson (DE 6091)
                                            824 N. Market Street, Suite 810
                                            Wilmington, DE 19801
                                            (302) 777-1111
                                            rosner@teamrosner.com
                                            gibson@teamrosner.com

                                            -and-

                                            EDELBOIM LIEBERMAN REVAH OSHINSKY PLLC
                                            Brett D. Lieberman (FBN 69583)
                                            Beacon Tower of Aventura
                                            20200 W. Dixie Hwy., Suite 905
                                            Miami, Florida 33180
                                            Telephone: 954.400.1499
                                            Email: brett@elrolaw.com

                                            *Counsel for EcoStruction Inc.*