## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| iPic-Gold Class Entertainment, LLC, *et al.*,[1] | Case No. 19-11739 (LSS) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: June 3, 2020 at 10:00 a.m. (ET)**<br>**Response Deadline: May 27, 2020 at 4:00 p.m. (ET)** |

### EMPLOYEES' RETIREMENT SYSTEM OF ALABAMA AND TEACHERS' RETIREMENT SYSTEM OF ALABAMA'S SECOND (2ND) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

#### (Late Filed and Insufficient Documentation Claims)

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibits <u>A</u> or <u>B</u> to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought.**
>
> **Please be aware that if you filed a proof of claim against the Debtors that is identified on any of the exhibits attached to this Objection, your claim is being objected to through this Objection. This Objection thus directly affects your rights, and your claim may be reclassified, reduced, modified, disallowed, expunged, or eliminated by the relief sought in this Objection or any further objection that may be filed.**
>
> **The relief sought herein is without prejudice to any party in interest's right to pursue further substantive or non-substantive objections against the claims listed on Exhibits <u>A</u> or <u>B</u> to the Proposed Order attached to this Objection.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media, LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

By this second omnibus objection (the "Objection"), the Employees' Retirement System of Alabama and Teachers' Retirement System of Alabama (together, "RSA") object, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to certain claims filed against the above-captioned debtors (the "Debtors") and seek entry of an order substantially in the form attached hereto as Exhibit 2: (a) disallowing a certain claim that was filed after the Bar Date (defined below) (the "Late Filed Claim") identified on Exhibit A attached to the Proposed Order; and (b) disallowing certain claims that are not supported by sufficient documentation or information (the "Insufficient Documentation Claims," and, together with the "Late Filed Claim," the "Disputed Claims") identified on Exhibit B attached to the Proposed Order.  In support of this Objection, RSA relies on the Declaration of John Hester (the "Hester Declaration"), a copy of which is attached hereto as Exhibit 1.  In further support of this Objection, RSA respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  RSA consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are Section 502 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, 3007, and Local Rule 3007-1.

## FACTUAL AND PROCEDURAL BACKGROUND

4.      On August 5, 2019, the above-captioned debtors (the "Debtors") commenced these jointly administered chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by filing a voluntary petition for relief under the Bankruptcy Code.

5.      The Debtors were a leading provider of polished-casual dining in a luxury theater auditorium environment.  The Debtors were one of the largest combined movie theater and restaurant entertainment destinations with locations that provide a luxurious movie-going experience at an affordable price.  The Debtors provided customers with high-quality, chef-driven culinary and mixology in unique destinations that include premium movie theaters, restaurants and lounges.

6.      A detailed description of the Debtors and their business is set forth in the *Declaration of David M. Baker in Support of First Day Motions* [Docket No. 4], incorporated herein by reference.

7.      RSA is the Debtors' prepetition senior secured lender,[2] DIP lender and largest unsecured creditor in these cases by virtue of its deficiency claim.  As a creditor, RSA is a "party in interest" with standing to object to the Disputed Claims under 11 U.S.C. § 502(a).

---

[2] As stipulated by the Debtors in the Final DIP Order, as of the Petition Date, the Debtors were justly and lawfully indebted and liable to RSA under the Pre-Petition Loan Documents (as defined in the Final DIP Order) for term loans in the outstanding principal amount of $205,340,772.

8.      On September 26, 2019, the Court entered the *Final Order: (A) Authorizing Debtors in Possession to (I) Obtain Postpetition Financing Pursuant to U.S.C. Sections 105, 362, 363, and 364, (II) Grant Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. Section 364; (III) Use Cash Collateral, and (IV) Provide Adequate Protection to Prepetition Credit Parties, (B) Modifying Automatic Stay Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364* [Docket No. 322] (the "Final DIP Order"), authorizing the Debtors to obtain up to $16,000,000 in new money debtor-in-possession financing provided by RSA (the "DIP Financing").

9.      On August 15, 2019, the Debtors filed a sale motion seeking approval of bidding procedures and to authorization sell substantially all of their assets and assume and assign certain unexpired leases and executory contracts [Docket No. 104] (the "Sale Motion").

10.     Pursuant to the approved bidding procedures, on October 17, 2019, the Debtors conducted an auction.  An affiliate of RSA—iPic Theaters, LLC (the "Buyer") was declared the Successful Bidder with a credit bid of $50.85 million (net of certain adjustments).  *See* Docket No. 416.

11.     After a hearing, on October 29, 2019, the Court entered an order [Docket No. 470] (the "Sale Order") approving the sale to the Buyer.  The sale closed on November 15, 2019 [Docket No. 524].

## THE DEBTORS' CLAIMS PROCESS

12.     On September 10, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 225-234] (as amended, supplemented, or otherwise modified, the "Schedules").  On October 9, 2019, Debtor iPic-Gold Class Entertainment, LLC filed amended Schedules [Docket No. 391].

13.     On November 12, 2019, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. 506] establishing the Governmental Bar Date (as defined in the Bar Date Order) as February 3, 2020, at 5:00 p.m. (prevailing Eastern time).

14.     Written notice of the Bar Date Order (the "Bar Date Notice") was mailed to, among others, all known creditors listed on the Schedules, and the Bar Date Order was served on all parties who had filed requests for notice under Bankruptcy Rule 2002 as of the date of the Bar Date Order.

15.     As of the filing of this Objection, approximately 252 proofs of claim were filed in these chapter 11 cases.  The proofs of claim are recorded on the official claims register (the "Claims Register") maintained by Stretto, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

16.     In the ordinary course of business, the Debtors maintained records (the "Books and Records") that reflect, among other things, certain of the Debtors' liabilities and the amounts owed to their creditors.

## REQUESTED RELIEF

17.     By this Objection, RSA seeks entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1: (a) disallowing in full the Late Filed Claim identified on Exhibit A to the Proposed Order on the basis that the Late Filed Claim was filed after the applicable bar date; (b) disallowing in full the Insufficient Documentation Claims identified on Exhibit B to the Proposed Order on the basis that the Insufficient Documentation Claims are not supported by sufficient documentation or information and are not reflected as liabilities in the Debtors' book and record; (c) authorizing the

Claims Agent to modify the Claims Register in accordance with the Proposed Order and (d) granting such other and further relief as the Court may deem just and proper.

18.     In accordance with Local Rule 3007-1(e)(i)(E), to the best of RSA's knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1.

### OBJECTION

19.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

### A.     The Late Filed Claim

20.     The timeliness of claims asserted against the Debtors in these chapter 11 cases is determined with reference to the bar dates fixed by the Court, in accordance with Bankruptcy Rule 3003(c)(3).  The Bar Date Notice, which was mailed to, among others, all known creditors listed on the Schedules, provided that:

> Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, must file proofs of claim **on or before the Governmental Bar Date of February 3, 2020 at 5:00 p.m. (prevailing Eastern time).**

Bar Date Order ¶ 5 (emphasis in original).

21.     Since the passing of the Governmental Bar Date (February 3, 2020), a governmental unit (as defined in 11 U.S.C. § 101(27) of the Bankruptcy Code) has filed a proof

of claim in these cases, as indicated by the "Received" date stamped on the face of the proof of claim marked by the Claims Agent upon receipt.

22.    RSA has identified a proof of claim for which there is no basis to accept the claim as timely.  The Late Filed Claim listed on <u>Exhibit A</u> to the Proposed Order: (a) arose prior to the Petition Date; (b) was subject to the requirement that proofs of claim be filed no later than the Governmental Bar Date; and (c) was nonetheless filed after the Governmental Bar Date, as indicated by the dates identified in the column headed "Filed Date" on <u>Exhibit A</u> to the Proposed Order.  The claimant identified on <u>Exhibit A</u> did not file a motion seeking—and did not obtain— relief from the Court pursuant to Rule 9006(b)(3) of the Bankruptcy Rules to file a late proof of claim.  *See also* Rule 3002(c)(1) ("The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.").

23.    Accordingly, the Late Filed Claim listed on <u>Exhibit A</u> is untimely under the Bar Date Order and should be disallowed in its entirety pursuant to section 502(b)(9) of the Bankruptcy Code.  Any failure to disallow the Late Filed Claim will result in the claimant potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these chapter 11 cases.

24.    Bankruptcy Rule 3007(d)(4) states that an objection based on the ground that claims were not timely filed may be joined in an omnibus objection. Local Rule 3007-1(d)(iv) provides that late filed claims may be objected to in a non-substantive objection.  Accordingly, the Late Filed Claim is properly subject to this Objection, and RSA respectfully requests that the Court disallow the Late Filed Claim in full.

**B.    Insufficient Documentation Claims**

25.    When asserting a claim against a debtor's estate, a claimant must allege facts that,

if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) ("[P]roofs of claim should at least allege facts from which liability on the part of the bankrupt can be seen to exist."). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. However, if a proof of claim lacks sufficient documentation to support its validity, the Court may disallow the claim. *In re Minbatiwalla*, 424 B.R. 104, 118-19 (Bankr. S.D.N.Y. 2010); *see also In re O'Brien,* 440 B.R. 654, 666 (Bankr. E.D. Pa. 2010).

26. RSA objects to the Insufficient Documentation Claims listed on Exhibit B to the Proposed Order because they lack sufficient information or documentation to establish *prima facie* evidence of the validity and amount of the claims as contemplated by Bankruptcy Rule 3001(f) and Local Rule 30017-1(d)(vi). Moreover, RSA, in conjunction with the Buyer, has reviewed the Insufficient Documentation Claims and confirmed that the Debtors do not have any liability with respect to these claims according to the Debtors' Books and Records.

27. Moreover, even if this Court finds that the claims contain sufficient documentation to grant them *prima facie* validity, RSA has met its burden of refuting the legal sufficiency of the claims. *See In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633 (Bankr. D. Del. 2013) ("The objecting party carries the burden of going forward with evidence in support of its objection which must be of probative force equal to that of the allegations of the creditor's proof of claim." (citation omitted)). "In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny*, 954 F.2d at 173-74. As set forth in the Hester Declaration, RSA has, in conjunction with the Buyer, reviewed the Debtors' books and records, which reflect no liability for the bonus amounts

alleged by the claims.  *See Stewart v. Energy Future Holdings (In re Energy Future Holdings)*, Case No. 15-1213-RGA, 2016 WL 4925052, at *2, *4 (D. Del. Sept. 14, 2016) (holding that the Bankruptcy Court did not err in sustaining debtors' objections to proof of claim where they provided a declaration and testimony evidencing their review of the debtors' books and records and lack of connection between the debtors and the claim).

28.     Accordingly, RSA seeks to disallow and expunge such claims in their entirety.  Any failure to disallow the Insufficient Documentation Claims will result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these chapter 11 cases.

29.     Bankruptcy Rule 3007(d)(6) states that an objection based solely on the ground that the claims were presented in a form that does not comply with the Bankruptcy Rules and the objection states that the debtor is unable to determine the validity of the claim due to the claimant's noncompliance may be joined in an omnibus objection.  Local Rule 3007-1(d)(vi) provides that claims that do not "have a basis in the debtor's books and records and do[] not include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of such claim, as contemplated by [Bankruptcy Rule] 3001(f)" may be objected to in a non-substantive objection.  Accordingly, the Insufficient Documentation Claims are properly subject to this Objection and RSA respectfully requests that the Court disallow the Insufficient Documentation Claims in full.

## SEPARATE CONTESTED MATTERS

30.     To the extent that a response is filed regarding any Disputed Claim listed in the Objection and RSA is unable to resolve the response, each such claim, and the Objection by RSA to each such claim asserted herein, shall constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

31.    RSA expressly reserves the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, RSA reserves the right to object to any Disputed Claim on any other ground.

32.    This motion is without prejudice to the rights of any other party in interest to object to any Disputed Claims listed on Exhibits A and B to the Proposed Order on any other ground. The right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code is also reserved.

## NOTICE

33.    RSA has provided notice of this Objection to (i) the United States Trustee; (ii) counsel to the Debtors; (iii) the holders of the Disputed Claims; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested here, RSA submits that no other or further notice is necessary.

[LEFT INTENTIONALLY BLANK]

Case 19-11739-LSS    Doc 677    Filed 04/23/20    Page 11 of 11


WHEREFORE, RSA respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.


Dated: April 23, 2020          BURR & FORMAN LLP
      Wilmington, Delaware

/s/  J. Cory Falgowski
J. Cory Falgowski (DE No. 4546)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302) 830-2312
Email: jfalgowski@burr.com

-and-

Jeffrey T. Baker (*pro hac vice*)
Derek F. Meek (*pro hac vice*)
420 20th Street N, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Email: jbaker@burr.com
       dmeek@burr.com

*Counsel for Employees' Retirement System of Alabama and Teachers' Retirement System of Alabama*