IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iPic-Gold Class Entertainment, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11739 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 679, 712, 749** |

### ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DISMISSING THE CHAPTER 11 CASES; (II) TERMINATING STRETTO AS NOTICE AND CLAIMS AGENT; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 1017, 2002, 3003, and 6007, and Local Rule 1017-2 and section 303 of Delaware Corporation Law, dismissing the chapter 11 cases and granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: iPic Entertainment Inc. (9582); iPic-Gold Class Entertainment, LLC (4684); iPic Gold Class Holdings LLC (6315); iPic Media LLC (0150); iPic Texas, LLC (N/A); and Delray Beach Holdings, LLC (1035). The Debtors' principal place of business is 433 Plaza Real, Suite 335, Boca Raton, FL 33432.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion

44246161 v4

the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, including that the Debtors ceased all business operations and retained no unencumbered assets as of the closing of the Sale; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to sections 1112(b) of the Bankruptcy Code, the chapter 11 cases of the following Debtors are hereby dismissed:

| **Debtor** | **Case Number** |
|---|---|
| iPic Entertainment Inc. | 19-11737 (LSS) |
| iPic Gold Class Holdings LLC | 19-11738 (LSS) |
| iPic-Gold Class Entertainment, LLC | 19-11739 (LSS) |
| iPic Media LLC | 19-11740 (LSS) |
| iPic Texas, LLC | 19-11741 (LSS) |
| Delray Beach Holdings, LLC | 19-11742 (LSS) |

4. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code all prior orders of this Court made during the course of these chapter 11 cases and any related adversary proceedings, including, without limitation, the Final DIP Order [Docket No. 322], the

44246161 v4

Sale Order [Docket No. 470], the Initial Order [Docket No. 712] and the amended Initial Order [Docket No. 749] shall remain in full force and effect, shall be unaffected by the dismissal of these chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. Paul Safran shall act as the representative on behalf of the Debtors' estates (the "Estate Representative") for the purpose of: (a) being responsible for the signing and filing of any remaining federal and state tax returns for the Debtors' estates; (b) taking any other actions to dissolve and/or cancel the corporate existences of the Debtors, including, but not limited, to, those tasks listed in paragraph 7 of the Initial Order. Upon entry of this Order, William J. Nolan of FTI Consulting, Inc., as the Debtors' Chief Restructuring Officer as well as any remaining members, officers or directors of the Debtors shall be deemed to have resigned from their respective roles on behalf of the Debtors and shall have no further obligations, responsibilities or duties to or on behalf of the Debtors.

6. Each of the Professionals' retentions by the Debtors' estates is terminated without the need for further action on the part of this Court, the Debtors, or such firms. Notwithstanding anything to the contrary herein, the Court shall retain jurisdiction to consider and rule on any final fee applications following entry of this Order, to the extent necessary.

7. Stretto, as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these cases; provided that Stretto shall provide the services described in this paragraph and to the extent its fees and costs have not otherwise been satisfied shall be entitled to payment and reimbursement of such fees and costs; provided further, that Stretto shall continue to serve as claims and noticing agent for the Debtors until these chapter 11 cases has been closed. Notwithstanding anything in Local Rule 2002- 1(f)(ix) to the contrary, within fourteen (14) days after the entry of this Order, Stretto shall (i) forward to the Clerk of the

44246161 v4

Court an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, (iii) docket a combined final claims register containing claims against each Debtor, and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims

8. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

9. The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

10. Notwithstanding the dismissal of the chapter 11 cases, this Court shall retain jurisdiction with respect to (i) any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the chapter 11 cases, and (ii) any matters, claims, rights, or disputes raised by Collin County, Texas relating to its proof of claim no. 248, including seeking relief from the Court's Order (Docket No. 714) disallowing such claim and/or seeking leave to have such claim deemed timely-filed and seeking relief relating to the terms of Exhibit 2 of the Sale Order with respect to the payment of allowed personal property tax claims.

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Dated: September 30th, 2020**
**Wilmington, Delaware**
44246161 v4